IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OUMAR ABDALLAH<br>6326 Bingham Street, Apt # 5<br>Philadelphia, PA 19111<br><br>            Plaintiff,<br><br>    v.<br><br>ALLEGHENY VALLEY SCHOOL<br>1996 Ewings Mill Road<br>Coraopolis, PA 15108-3380<br>    and<br>STAFFING PLUS INC.<br>551 W. Lancaster Avenue<br>Haverford, PA 19041<br><br>            Defendants. | CIVIL ACTION<br><br>No.:_____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I.  INTRODUCTION

1. This action has been initiated by Oumar Abdallah (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### II.  JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial

justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

### III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Allegheny School (hereinafter "Defendant School") consists of group homes offering people with intellectual and developmental disabilities an opportunity to live with peers in homes located in areas throughout greater Philadelphia.

8. Defendant Staffing Plus Inc. (hereinafter "Defendant Staffing") is a staffing agency that places employees within employers in the greater Philadelphia area (and further).

9. Defendant Staffing was unquestionably Plaintiff's employer, as he was hired by this entity, employed by this entity, paid by this entity, required to follow its directions, and directed where to work by this entity.

10. Defendant School is unquestionably a joint employer of Plaintiff because Plaintiff was placed at this entity to work for approximately 1 year on a full-time basis wherein he was treated as employee, directed by management of this entity on a daily basis, and required to follow directions and policies of this employer during his tenure with Defendant School. Defendant School further participated in and/or directed Plaintiff's termination from Defendants.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a black male who was born in Africa and raised Muslim, which is part of his ethnicity.

14. Plaintiff was hired by Defendant Staffing and placed by this entity to physically work for Defendant Allegheny.

15. Plaintiff was employed by Defendants for approximately 1 year.

16. Plaintiff worked for Defendants as a residential aide and was assigned to Defendant School's location at 3190 Tremot Avenue, Trevose, PA.

17. Plaintiff prays at different occasions throughout any given day and does so for very short intervals (usually 3-5 minutes) due to his religious beliefs and in accordance with his religion.

18. During Plaintiff's employ with Defendants, Plaintiff used his own breaks to engage in his daily prayers, which was known to his immediate supervisors.

19. On or about Plaintiff's last day of work with Defendants, August 4, 2009, Plaintiff was directed by Monica (last name unknown), a director, to stop praying in the middle of one his prayers (in a room that was empty and not being utilized for any purpose).

20. On his last day of work, after being interrupted, Plaintiff had informed Monica that he prayed for very short periods of time and that he did so on his own break time.

21. Plaintiff was directed to stop praying immediately and to leave the room, at which time he was given permission to use another area by another supervisor to complete his prayer.

22. When Monica saw Plaintiff using another area to complete his prayer on his last day of employment, she was visibly upset.

23. Plaintiff informed Monica that other managers told her it was okay for him to engage in his daily prayers, but Plaintiff was terminated for alleged insubordination.

24. Monica had also made discriminatory remarks towards Plaintiff indicating that Christians (such as herself) don't pray during workdays.

## Count I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
(Religious Discrimination & Retaliation – Wrongful Termination)
- Against Both Defendants -

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff was terminated by Defendants because of his religion (Muslim) and/or because he requested a religious accommodation.

27. Plaintiff was also denied a religious accommodation that was reasonable and not an undue burden by Defendants.

28. These actions as aforesaid constitute violations of Title VII, and Plaintiff has properly exhausted his administrative remedies to proceed under Title VII herein by timely filing a Charge with the EEOC and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter and/or notice of case closure.

## Count II
## Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Religious Discrimination & Retaliation – Wrongful Termination)
### - Against Both Defendants -

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff was terminated by Defendants because of his religion (Muslim) and/or because he requested a religious accommodation.

31. Plaintiff was also denied a religious accommodation that was reasonable and not an undue burden by Defendants.

32. These actions as aforesaid constitute violations of the PHRA, and Plaintiff has properly exhausted his administrative remedies to proceed under the PHRA herein by timely filing a Charge with the PHRC and by filing the instant lawsuit more than 1 year after having filed his Charge with the PHRC.

## Count III
## Violation of 42 U.S.C. Section 1981
### (Racial Discrimination – Wrongful Termination)
### - Against Both Defendants -

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was terminated because of his race, ethnic characteristics and/or ancestry, as his religion is part of same.

35. Plaintiff's termination therefore constitutes a violation of 42 U.S.C. Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF & KARPF, P.C.**

By: _____
Ari R. Karpf
3070 Bristol Pike
Bldg. 2, Ste. 231
Bensalem, PA 19020

Date: September 27, 2010

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Oumar Abdallah                                              CIVIL ACTION

v.

Allegheny Valley School, et al.                             NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)


9/27/2010          Ari R. Karpf                           Plaintiff
Date               Attorney-at-law                        Attorney for

(215) 639-0801     (215) 639-4970                         akarpf@karpf-law.com
Telephone          FAX Number                             E-Mail Address


(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of ent to appropriate calendar.

s of Plaintiff: **6320 Bingham Street, Apt #5, Philadelphia PA 19111**

s of Defendant: **1990 Ewing Mill Rd, Coraopolis PA 15108**
**554 W. Lancaster Ave, Haverford PA 19041**

f Accident, Incident or Transaction: **Defendants place of business**
(Use Reverse Side For Additional Space)

is civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, **Ari R. Karpf**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **9/27/2010** _____ **91538**
Attorney-at-Law **ARK2484**
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **9/27/2010** _____ **ARK2484**
**91538**

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ABDALLAH, OUMAR

### DEFENDANTS
ALLEGHENY VALLEY SCHOOL, et al.

(b) County of Residence of First Listed Plaintiff: **Philadelphia**

County of Residence of First Listed Defendant: **Allegheny**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf & Karpf, P.C., 3070 Bristol Pike, Building 2 Suite 231, Bensalem PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1981 and Title VII of the Civil Rights Act of 1964 (42USC2000e)

Brief description of cause:
Violations of 42 USC1981 and 42USC2000e.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE

DOCKET NUMBER

Explanation:

DATE: 9/27/2010

SIGNATURE OF ATTORNEY OF RECORD