IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| OUMAR ABDALLAH, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| | : | NO. 10-5054 |
| ALLEGHENY VALLEY SCHOOL ET AL., | : | |
| Defendants. | : | |
| | : | |

MEMORANDUM

Tucker, J.                                                                                                                             January____, 2011

       Presently before this Court is Defendant Defendant Allegeheny Valley School's Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8) and Plaintiff Oumar Abdallah's Response in Opposition thereto (Doc. 9). Upon review of the parties submissions and for the reasons set forth below, the Motion will be denied in part and granted in part.

I.                                                **BACKGROUND**

       The following facts are alleged in the Complaint. Defendant Staffing Plus Inc. is a staffing agency that places employees with employers in the greater Philadelphia area. (Compl. ¶8.) Plaintiff, a "Black male who was born in Africa and raised Muslim" was hired by Defendant Staffing Plus and placed for employment with Defendant Allegeheny Valley School. ("AVS") (Compl. ¶¶ 13-14.) Defendant AVS is an entity that operates group homes for individuals with developmental disabilities. (Compl.¶ 7.) These group homes provide these individuals with an opportunity to live with peers in homes located in the greater Philadelphia area. (Compl.¶ 7.)

       For approximately one (1) year, Plaintiff was employed as a residential aide at Defendant

AVS's Tremont Avenue facility. (Compl. ¶¶15-16.) While Defendant was employed there, AVS treated Plaintiff as an employee, directed his daily responsibilities and required that he adhere to its policies and directions during his tenure there. (Compl. ¶ 10.) Defendant Staffing Plus hired Plaintiff and placed him in AVS's employee. (Compl. ¶ 9.) Additionally, Defendant Staffing Plus paid Plaintiff's salary and also required him to follow its directions. (Compl. ¶ 9.)

In accordance with his religious beliefs, Plaintiff regularly prays at different occasions throughout the day. (Compl. ¶17.) His prayers last three to five minutes. (Compl. ¶17.) Plaintiff avers that while employed by Defendants he used his breaks to engage in his prayers. (Compl. ¶ 18.) According to Plaintiff, his immediate supervisors knew of this practice. (Compl. ¶18.) On or about August 4, 2009, while Plaintiff was praying in an empty and unutilized room, Monica (last name unknown), a director at Defendant AVS's facility directed Plaintiff to stop praying immediately and leave the room. (Compl. ¶19-21.) Subsequently, another supervisor gave Plaintiff permission to use another area for his prayers. (Compl. ¶ 21.) Monica again saw Plaintiff completing his prayers and became visibly upset. (Compl. ¶ 22.) Consequently, Plaintiff informed Monica that other supervisors allowed him to engage in his daily prayers. (Compl. ¶23.) At this point, Plaintiff was terminated for insubordination. (Id.) Plaintiff alleges that Monica "made discriminatory remarks towards him stating that Christians, such as her, do not pray during workdays." (Compl. ¶24.)

Plaintiff avers that he was terminated because of his religion and/or because of his request for religious accommodation. (Compl. ¶26.) He further alleges that Defendants unlawfully denied him a religious accommodation that was reasonable and not an undue burden. (Compl. ¶¶27.) Plaintiff further contends he was wrongfully terminated because of his race, ethnic characteristics, and/or ancestry. (Compl. ¶ 34.)

Count I of the Complaint alleges that Defendants discriminated against Plaintiff because of

his Muslim religion, denied him a religious accommodation and ultimately wrongfully terminated him in violation of Title VII, 42 U.S.C.§ 2000e et seq. Count II of the Complaint alleges that Defendants discriminated against Plaintiff because of his Muslim religion, denied him a religious accommodation and ultimately wrongfully terminated him in violation of the Pennsylvania Human Relations Act, 43 Pa Const. Stat § 955(a). Count III of the Complaint alleges that Defendants discriminated against Plaintiff and wrongfully terminated him because of his race, ethnic characteristics and/or ancestry, as his religion is part of the same in violation of 42 U.S.C. § 1981.

For the reasons explained herein, the Court will deny Defendant Allegheny School's Motion as to Count I and will grant the Motion as to Count III.

**II.**               **LEGAL STANDARD**

**Motion to Dismiss Pursuant to Federal Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal

conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly et.al., 550 U.S. 544, 555 (2007). In Twombly the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A "pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).

In 2009 the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). In Iqbal the Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949. "[O]nly a complaint that states a plausible claim for relief [will] survive[] a motion to dismiss." Id. at 1950.

In light of the decision in Iqbal, the Third Circuit set forth a two-part analysis to be applied by district courts when presented with a 12(b)(6) motion. First, the court must separate the legal elements and factual allegations of the claim, with the well-pleaded facts accepted as true but the legal conclusions disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged -- but has failed to show -- that the pleader is entitled to relief. Id.

**III.**         **DISCUSSION**

      **A.**         **Count II- 42 U.S.C. § 2000 et seq**

Title VII provides that

> it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to hus compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin...

42 U.S.C. §2000e-2(a)(1)

"Title VII provides a more expansive reach than § 1981, making it unlawful for an employer to refuse to hire or discharge any individual, or to discriminate against any individual with regards to his compensation, terms, conditions or privileges of employment, because of the individual's race, color, religion, sex or national origin." Hicks v. Arthur, 843 F. Supp. 949, 956 (E.D. Pa. 1994).

    Defendant AVS argues that Plaintiff's Title VII is not cognizable because Plaintiff was not an employee of within the meaning of the statute. In support of this argument Defendant AVS cites to two Third Circuit opinions, both of which are not precedential pursuant to Rule 5.7 of the Third Circuit Internal Operating Procedures. The Third Circuit has noted that independent legal entities will be considered joint employers where both employers exert significant control over the same employees with evidence demonstrating that they share or co-determine those matters governing essential terms and conditions of employment. Nat'l Labor Relations Bd. v. Browning-Ferris Indus. of Pennsylvania, Inc., 691 F.2d 1117, 1124 (3d Cir. 1982). In determining whether a joint-employer relationship exists district courts in the Third Circuit analyze the following three factors: "1) authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; 2) day-to-day supervision of employees, including employee discipline; and 3) control of employee records, including payroll, insurance,

5

taxes and the like." Butterbaugh v. Chertoff, 479 F. Supp. 2d 485, 491 (W.D. Pa. 2007) (citing Cella v. Villanova Univ., No. 01-7181, 2003 U.S. Dist. LEXIS 2192, at *22 (E.D. Pa. 2003).

Here, while Plaintiffs concede that he was hired by Defendant Staffing Plus he argues that AVS maintained significant power over his employment. Plaintiff avers that his daily assignment were delegated by Defendant AVS. Further, Plaintiff alleges that AVS treated Plaintiff as an employee and required that he adhere to its policies and directions during his tenure there. (Compl. ¶ 10). Because the Court's review at this stage is limited to discerning whether there Plaintiff has satisfied the pleading requirements of Fed. R. Civ. P. 12 (b) (6) the Court cannot hold that Defendant AVS is insulated from this Title VII lawsuit as a matter of law. Accordingly, the Court denies the Motion to Dismiss Count I of the Complaint.

**B.    Count III- 42 U.S.C. § 1981**

Defendant AVS argues that this Court should dismiss Plaintiff's Section 1981 claim because it is deficient as a matter of law, "as it is based solely upon his national origin and religion." (Def.'s Mem. in Supp Mot. Dismiss 4.).

42 U.S.C. §1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42. U.S.C. § 1981.

To establish a claim to relief under § 1981, a plaintiff must show (1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981. Brown v. Phillip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001) The act provides a private cause of action for intentional discrimination

6

only. Pryor v. Nat'l Collegiate Athletic Ass'n, 218 F.3d 548, 569 (3d Cir. 2002).

Section 1981 provides redress for discrimination based on race, alienage, ancestry or ethnic characteristics. See Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987). In Al-Khazraji, the Supreme Court discussed the scope of Section 1981 and reasoned that "Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." Id. at 613. Unlike Title VII, Section 1981 does not prohibit discrimination on the basis of religion, sex or national origin. See Vuksta v. Bethlehem Steel Corp., 540 F. Supp. 1276, 1281-82 (E.D. Pa. 1982) Accordingly, Count III of Plaintiff's Complaint can only survive a motion to dismiss if it states a claim for discrimination based on his race, alienage, ancestry or ethnic characteristics. It does not.

Here, Plaintiff has alleged that he belongs to a racial minority. He further alleged that he was "terminated because of his race, ethnic characteristics and/or ancestry, as his religion is part of the same." (Compl. ¶ 34.) To support this allegation Plaintiff has alleged that one of Defendant AVS's directors made a discriminatory remark about his religious practices noting that "Christians, such as her, do not pray during workdays." (Compl.¶ 24.) The Complaint further states that the same director interrupted Plaintiff during a prayer and ordered him to stop although the room was unoccupied, and not being used for any purpose. (Compl. ¶ 19) The Court finds that such factual allegations do not raise "a reasonable expectation that discovery will reveal evidence of [intentional discrimination on the basis of race, ancestry or ethnic characteristics] a necessary element," as the statute does not extend to discrimination on the basis of religion. Phillips v. County of Allegheny, 515 F. 3d 224, 234 (3d. Cir. 2004) (citing Twombly, 127 S.Ct. at 1955) Plaintiff's allegations, if true, do not establish a prima facie case for discrimination on the basis of race, ancestry or ethnic characteristics. Rather, the allegations in Plaintiff's Complaint are evidence of discrimination on the

7

basis of religion.

Plaintiff is correct in his assertion that Section 1981 protects against discrimination based on one's ancestry and ethnic characteristics as well as race. However, the Complaint is devoid of any factual allegations establishing discrimination based on Plaintiff's race, ethnic characteristics or ancestry. The Court declines to accept Plaintiff's argument that his religion is part of his ethnic characteristics and ancestry. That Plaintiff is a practicing Muslim and may have been discriminated against because of his faith does not transform said discrimination to race-based discrimination within the meaning of Section 1981. Plaintiff also seems to allege that he was retaliated against for opposing discriminatory practices, however he does not allege any facts to support this allegation. Accordingly, the Court dismisses Count III of Plaintiff's Complaint.

**IV.**                                               **CONCLUSION**

For the foregoing reasons, Defendant AVS's motion to dismiss the complaint will be granted as to Count III. The motion to dismiss will be denied as to Count I as the Court find s that Plaintiff has plead facts sufficient to maintain a cause of action against Defendants under Title VII. An appropriate order follows.

**BY THE COURT:**

**/s/ Petrese B. Tucker**
_____
**Hon. Petrese B. Tucker, U.S.D.J.**